UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY THOMPSON,

    Plaintiff,

v.                                          Case No. 1:18-cv-776
                                              Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

## REPORT AND RECOMMENDATION

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied her claim for disability insurance benefits (DIB) and supplement security income (SSI).[1]

        Plaintiff alleged a disability onset date of March 11, 2015. PageID.276. Plaintiff identified her disabling conditions as: major depression; schizophrenia; anxiety; chronic back pain; chronic pain left knee; stomach ulcers; hypertension; acid reflux; and right arm numbness and tingling. PageID.269. Prior to applying for DIB and SSI, plaintiff completed the 12th grade and had previous employment as a housekeeper in a hotel. PageID.271. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on March 7, 2018. PageID.40-52. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] The Court notes that this action was stayed due to the "government shutdown." *See* Administrative Order (AO) 18-MS-109 (Dec. 22, 2018). The stay was lifted on February 15, 2019 (AO 19-MS-16) and the Court amended the briefing schedule to allow plaintiff to file a reply brief by no later than March 13, 2019. *See* Amended Briefing Schedule (ECF No. 14).

1

I.     **LEGAL STANDARD**

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905

F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.  ALJ's DECISION

Plaintiff's claim failed at the fourth step of the evaluation.  At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 11, 2015 and meets the insured status requirements of the Social Security Act through December 31, 2021.  PageID.42.

At the second step, the ALJ found that plaintiff had severe impairments of: degenerative disc disease of the thoracic and lumbar spine; mild degenerative joint disease left knee and left ankle; depressive disorder; anxiety disorder; gastritis with gastric ulcer; and obesity. PageID.43.  At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  PageID.44.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except she can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, and crawl; is limited to simple unskilled work in a low stress environment; and can have occasional contact with coworkers, supervisors, and the general public.

PageID.45.  At this step, the ALJ also found that plaintiff is capable of performing her past relevant work as a packager and as a housekeeper, work which does not require the performance of work-related activities precluded by her residual functional capacity (RFC).  PageID.49.

Although the ALJ found plaintiff not disabled at Step Four, she proceeded to Step Five and determined that plaintiff could perform a significant number of unskilled jobs at the medium exertional level in the national economy.  PageID.50-51. Specifically, the ALJ found that plaintiff could perform the requirements of medium and unskilled occupations in the national economy including machine feeder (270,000 jobs) and machine helper (180,000 jobs).  PageID.51.

Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from March 11, 2015 (the alleged onset date) through March 7, 2018 (the date of the decision).  PageID.51.

### III.     DISCUSSION

Plaintiff set forth one issue on appeal:

**The ALJ failed to obtain an expert medical opinion regarding medical equivalency of the Listings.**

Plaintiff contends that her condition is medically equivalent to Listing 4.10.  A claimant bears the burden of demonstrating that he meets or equals a listed impairment at the third step of the sequential evaluation.  *Evans v. Secretary of Health & Human Services*, 820 F.2d 161, 164 (6th Cir.1987).  In order to be considered disabled under the Listing of Impairments, "a claimant must establish that his condition either is permanent, is expected to result in death, or is expected to last at least 12 months, as well as show that his condition meets or equals one of the listed impairments."  *Id.*  An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. §§ 404.1525(d) and 416.925(d).  A claimant does not satisfy a particular listing unless all of the requirements of the listing are present. *See Hale v. Secretary of Health & Human Services*, 816 F.2d 1078, 1083 (6th Cir.1987).  "When a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency."  *Thacker v. Social Security Administration*, 93 Fed.Appx. 725, 728 (6th Cir 2004).  If a claimant successfully carries this burden, the Commissioner will find the claimant disabled without considering the claimant's age, education or work experience.  *See*  20 C.F.R. §§ 404.1520(d) and 416.920(d).

As an initial matter, while plaintiff seeks medical equivalency for Listing 4.10, she does not provide the Court either the elements of Listing 4.10 or reasons explain why her condition is medically equivalent to the listing. Rather, plaintiff simply states that:

> Medical equivalence can be found if an individual has an impairment that is described in the listings, but either does not exhibit one or more of the findings specified in the particular listing or the individual exhibits all of the findings, but one or more of the findings is not as severe as specified in the particular listing. Specifically, in this case, Listing 4.10 should be considered for medical equivalence as the record contains evidence of an aneurysm of aorta or major branch. An October 27, 2014 CT abdomen and pelvis documented an infrarenal abdominal aortic aneurysm. (PageID.418). This objective evidence could reasonably be interpreted to show medical equivalence and thus a medical opinion regarding medical equivalency was required. Furthermore, the ALJ did not even mention Listing 4.10 in her decision, therefore, we do not know if this Listing was evaluated by the ALJ at all.

Plaintiff's Brief (ECF No. 12, PageID.584). Plaintiff's claim is without merit.

"For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to *all* criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in original). The relevant listing, 4.10, appears in the category of cardiovascular impairments and states as follows:

> *4.10. Aneurysm of aorta or major branches*, due to any cause (e.g., atherosclerosis, cystic medial necrosis, Marfan syndrome, trauma), demonstrated by appropriate medically acceptable imaging, with dissection not controlled by prescribed treatment (see 4.00H6).

Listing 4.10, 20 C.F.R. Pt. 404, Subpt. P, App. 1.

Listing 4.00H6, provides guidance on application of the Listing 4.10:

> 6. *When does an aneurysm have "dissection not controlled by prescribed treatment," as required under 4.10?* An aneurysm (or bulge in the aorta or one of its major branches) is *dissecting* when the inner lining of the artery begins to separate from the arterial wall. We consider the dissection not controlled when you have persistence of chest pain due to progression of the dissection, an increase in the size of the aneurysm, or compression of one or more branches of the aorta

6

> supplying the heart, kidneys, brain, or other organs. An aneurysm with dissection can cause heart failure, renal (kidney) failure, or neurological complications. If you have an aneurysm that does not meet the requirements of 4.10 and you have one or more of these associated conditions, we will evaluate the condition(s) using the appropriate listing.

Listing 4.00H6, 20 C.F.R. Pt. 404, Subpt. P, App. 1.

Plaintiff never identified the aortic aneurysm as the basis of her disability claim, and her counsel did not claim that this condition met or was medically equivalent to Listing 4.10 during the administrative proceeding. "Where, as here, the plaintiff was represented at the administrative hearing by an attorney and the plaintiff made no attempt to satisfy his burden at step three by presenting both argument and evidence on the issue of equivalence, any error the ALJ may have committed by not obtaining an opinion on the equivalence issue was harmless." *Clanton v. Commissioner of Social Security*, No. 1:14-cv-1039, 2016 WL 74421 at *8 (W.D. Mich. Jan. 6, 2016).

In addition, plaintiff has not presented medical findings which demonstrate that her condition is equal in severity to all criteria in Listing 4.10. *See Zebley*, 493 U.S. at 531. Plaintiff has done nothing more than identify the diagnosis of an aortic aneurysm. As the regulations explain, a diagnosis is not sufficient to meet a listed impairment:

> Can your impairment(s) meet a listing based only on a diagnosis? No. Your impairment(s) cannot meet the criteria of a listing based only on a diagnosis. To meet the requirements of a listing, you must have a medically determinable impairment(s) that satisfies all of the criteria in the listing.

20 C.F.R. §§ 404.1525(d) and 416.925(d).

Finally, the ALJ's failure to address the aortic aneurysm at step three is harmless error, because plaintiff has failed to show that her condition meets or medically equals a listed impairment. *See Forrest v. Commissioner of Social Security*, 591 Fed. Appx. 359, 366 (6th Cir. 2014). *See, e.g., Allen v. Commissioner of Social Security*, No. 1:16-cv-170, 2016 WL 6471092

at *3 (W.D. Mich. Nov. 2, 2016) ("the Sixth Circuit recognizes that any error with respect to the ALJ's step three analysis is harmless unless the claimant can establish that she satisfied the listing in question").  Accordingly, plaintiff's claim of error should be denied.

### IV.    RECOMMENDATION

For the reasons discussed, I respectfully recommend that the Commissioner's decision be **AFFIRMED**.

Dated:  June 24, 2019                              /s/ Ray Kent
                                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).